RECEIPT # 69629
AMOUNT $ 250
SUMMONS ISSUED Y-2
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 3-7-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

05 MAR -7 P 2:55

DISTRICT COURT
DISTRICT OF MASS.

)
THE MASSACHUSETTS INSTITUTE )
FOR A NEW COMMONWEALTH, )
)
Plaintiff, )
)
v. )  Civil Action No.
)
NICHE MEDIA HOLDINGS, LLC )
and NICHE MEDIA LLC, )
)
Defendants. )  JURY TRIAL DEMANDED
)

**05-10422 PBS**

COMPLAINT             MAGISTRATE JUDGE

Plaintiff THE MASSACHUSETTS INSTITUTE FOR A NEW COMMONWEALTH, by its undersigned attorneys, by way of Complaint herein, alleges as follows:

THE PARTIES

1. Plaintiff THE MASSACHUSETTS INSTITUTE FOR A NEW COMMONWEALTH (hereinafter "MassINC") is a Massachusetts corporation having its principal place of business at 18 Tremont Street, Suite 1120, Boston, Massachusetts 02108.

2. On information and belief, Defendant NICHE MEDIA HOLDINGS, LLC is a New York limited liability company having its principal

- 1 -

place of business at 275 Park Avenue South, 5th Floor, New York, New York 10110. On information and belief, Defendant Niche Media Holdings, LLC has conducted and is conducting business in this judicial district.

3. On information and belief, Defendant NICHE MEDIA LLC is a New York limited liability company having its principal place of business at 275 Park Avenue South, 5th Floor, New York, New York 10110. On information and belief, Defendant Niche Media LLC has conducted and is conducting business in this judicial district.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1338(a) and (b), and pursuant to the doctrine of supplemental jurisdiction as codified in Title 28 U.S.C. § 1367. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

COUNT I - VIOLATION OF LANHAM ACT Section 43(a) [15 U.S.C. § 1125(a)]

6. Since 1996, Plaintiff MassINC has used the mark and name COMMONWEALTH as the title of a magazine focusing on people, politics, and civic life in Massachusetts. The magazine is published with the financial support of a broad cross-section of leading corporations, labor unions, foundations, and individuals in the Boston area. It is widely read by business, media, and community leaders across the state. Print circulation is currently 10,000 copies, and electronic circulation is 15,000 copies (including 11,000 to individuals who do not receive the printed version). Through publication of COMMONWEALTH magazine in print form since 1996 and in on-line form since 1998, Plaintiff MassINC has developed substantial goodwill in the mark and name COMMONWEALTH as an indicator of source for its publications.

7. In early December 2004, MassINC learned that Defendants were planning to publish a magazine in Massachusetts under the title "COMMONWEALTH." On December 7, 2004, counsel for MassINC put Defendants on written notice of Plaintiff's rights in the COMMONWEALTH mark and name and, in an effort at resolving the matter amicably, counsel suggested that Defendants adopt a new name for their proposed magazine.

8. Plaintiff did not receive a response to the December 7th letter, but learned that Defendants now planned to use the title "BOSTON COMMONWEALTH" for their new Massachusetts-directed magazine. On December 17, 2004, Plaintiff's counsel wrote again to Defendants, pointing out that "BOSTON COMMONWEALTH" was just as likely to confuse the public as the name "COMMONWEALTH," and counsel again suggested that Defendants choose a new name.

9. Also on December 17, 2004, MassINC filed United States trademark applications to register the mark COMMONWEALTH for printed and on-line magazines.

10. On or about January 17, 2005, Plaintiff received a written response from counsel for Defendants, denying any likelihood of confusion and denying that MassINC has any exclusive rights in the word "Commonwealth."

11. Defendants have continued with their plan to use the title "BOSTON COMMONWEALTH" for their new magazine, and have begun soliciting advertising for the magazine, which they assert will be published in September 2005.

12. The intended target audience for Defendants's magazine will, according to Defendants, include "the movers and shakers" of

Boston, and the magazine's coverage will include "culture, society, philanthropy." Because Plaintiff's magazine is directed to and supported by "the movers and shakers" of Boston, and because the magazine's coverage includes issues involving culture, society, and philanthropy, its readership will significantly overlap with that of Defendants.

13. Defendants use of the title "BOSTON COMMONWEALTH" is likely to cause, and has already caused, confusion, mistake, and deception of the public as to the source of their magazine. Customers and potential customers are likely to believe that Defendants' magazine is Plaintiff's magazine, or a new spin-off from Plaintiff's magazine, or that it emanates from, or is sponsored or approved by, Plaintiff MassINC. Any dissatisfaction with Defendants' magazine will reflect upon and irreparably damage the valuable reputation and goodwill of MassINC embodied in its COMMONWEALTH mark and name.

14. The actions of Defendants constitute the use in commerce of a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Because Defendants have been on notice of MassINC's rights in the mark and name COMMONWEALTH since at least December 7, 2004, Defendants' actions are in willful violation of MassINC's rights.

## COUNT II - VIOLATION OF MASSACHUSETTS GENERAL LAWS, Ch. 93A

15. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-14 above.

16. Defendants' use of the title "BOSTON COMMONWEALTH" for their magazine directed to Massachusetts constitutes an unfair method of competition and unfair or deceptive acts or practices in the conduct of trade or commerce, in violation of M.G.L.A. Ch. 93A, Section 2.

17. Plaintiff has been and is being damaged by said acts of Defendants.

## COUNT III - COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

18. Plaintiffs repeat and re-allege the allegations of paragraphs 1-17 above.

19. The aforesaid actions of Defendants have damaged and are damaging Plaintiff, in violation of the common law of trademark infringement and unfair competition.

* * * * * * *

- 6 -

WHEREFORE, Plaintiff THE MASSACHUSETTS INSTITUTE FOR A NEW COMMONWEALTH demands judgment against Defendants NICHE MEDIA HOLDINGS, LLC and NICHE MEDIA LLC, as follows:

A.  That Defendants be preliminarily and permanently enjoined from using the title BOSTON COMMONWEALTH and any variation thereof confusingly similar to the mark and name COMMONWEALTH, in connection with their magazine.

B.  That Defendants be ordered to file with this court and to serve upon Plaintiff within thirty days of service of the permanent injunction requested herein, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

C.  That Defendants pay to Plaintiff such damages as Plaintiff has incurred by reason of the actions complained of herein, said damages to be trebled in light of the willful nature of Defendants' actions.

D.  That Plaintiff recover its costs in this civil action, as well as its reasonable attorney fees and other expenses.

E.  That this court grant such other and further relief as it deems just and proper.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Fed. R. Civ. P., Plaintiff hereby demands trial by jury of all issues so triable.

THE MASSACHUSETTS INSTITUTE FOR A
NEW COMMONWEALTH

_____
Michael Boudett, BBO 558757
John L. Welch, BBO 522040
Foley Hoag LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600
617/832-1000

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
THE MASSACHUSETTS INSTITUTE FOR A NEW COMMONWEALTH

## DEFENDANTS
NICHE MEDIA HOLDINGS, LLC
NICHE MEDIA, LLC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **SUFFOLK**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael Boudett
John Welch
Foley Hoag LLP
155 Seaport Boulevard, Boston, MA 02210-2600     617-832-1000

ATTORNEYS (IF KNOWN)

05 - 10422 PBS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. GOVERNMENT Plaintiff (US Government Not a Party)
- ☒ 3 FEDERAL QUESTION
- ☐ 2 U.S. GOVERNMENT Defendant
- ☐ 4 DIVERSITY (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (place an "x" in One box for Plaintiff and One box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One BOX Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commercial/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety Health | ☒ 840 Trademark | |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 480 Consumer Credit |
| ☐ 160 Stockholder Suits | ☐ 345 Marine Product Liability | ☐ 371 Truth In Lending | | | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relation | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 D/WC/DIWW (405(g)) | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 892 Economic Stabilization Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| | | ☐ 555 Prison Condition | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**15 U.S.C. § 1125 (a)**

Brief description of cause: **Plaintiff seeks to enjoin Defendant from using similar mark as well as damages for violation of Lanham Act, violation of M.G.L., Ch. 93A and common law trademark infringement and unfair competition.**

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,000+     CHECK YES only if demanded in complaint.

JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions).

JUDGE _____     DOCKET NUMBER _____

DATE March 7, 2005     SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) <u>THE MASSACHUSETTS INSTITUTE FOR A NEW COMMONWEALTH v. NICHE MEDIA HOLDINGS, LLC.</u>

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?     YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC § 2403)     YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC § 2284?     YES ☐   NO ☒

7. DO <u>ALL</u> PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION?(SEE LOCAL RULE 40.1(D))     YES ☒   NO ☐

   A. If yes, in which division do <u>all</u> of the non-governmental parties reside?
      Eastern Division ☒     Central Division ☐     Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐     Central Division ☐     Western Division ☐

8. IF FILING A NOTICE OF REMOVAL – ARE THERE ANY MOTIONS PENDING IN THE STATE COURT REQUIRING THE ATTENTION OF THIS COURT?  (IF YES, SUBMIT A SEPARATE SHEET IDENTIFYING THE MOTIONS)     YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  <u>Michael Boudett</u>
ADDRESS  <u>Foley Hoag LLP, 155 Seaport Boulevard, Boston, MA 02210-2600</u>
TELEPHONE NO  <u>(617) 832-1000</u>

(Categfrm.rev-3/3/05)   2806155